IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

**RICHARD SANCRUZADO,**
individually and on behalf of all
those similarly situated,

    Plaintiff,

v.

**BLOOMBERG LIMITED
PARTNERSHIP d/b/a
BLOOMBERG.COM,**

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Bloomberg L.P. (sued herein as "Bloomberg Limited Partnership d/b/a Bloomberg.com") ("BLP" or "Defendant"), removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction. Removal is warranted under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal is timely pursuant to 28 U.S.C. § 1446(b). This is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a) because

1

the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is located within the Southern District of Florida. In further support of removal, BLP states as follows:

**I.     NATURE OF REMOVED ACTION**

1. On or about January 8, 2024, Richard Sancruzado ("Plaintiff"), on behalf of himself and all persons similarly situated, filed a putative class action complaint ("Complaint") in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Sancruzado v. Bloomberg Limited Partnership d/b/a Bloomberg.com*, Case No. 2024-000373-CA-01 (the "State Court Action").

2. Plaintiff alleged in the State Court Action that BLP sent an e-mail communication to him between 9:00 PM and 8:00 AM, in violation of Section 559.72(17) of the Florida Consumer Collection Practices Act ("FCCPA").

3. On January 17, 2024, BLP was served with the Complaint and state court summons. BLP attaches a copy of all process, pleadings, and orders served upon BLP and filed in the State Court Action to this Notice of Removal as **Exhibit A**.

4. Plaintiff seeks to certify a class of "all person with Florida addresses" to whom Defendant allegedly sent email communications between 9:00 PM and 8:00 AM "in connection with the collection of a consumer debt." Compl. ¶¶ 22-23.

5. Plaintiff alleges the proposed class "is in the several thousands, if not more." Compl. ¶ 25.

6. The Complaint seeks statutory damages, injunctive relief, attorneys' fees, costs, expert fees, among other relief. Compl. ¶ 37.

**II.   REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

7. An action is timely removed when it is removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

8. BLP was served with Plaintiff's Complaint on January 17, 2024, which is within 30 days of this Notice of Removal.

9. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States . . . where such action is pending."

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because, as explained below, (1) there is complete diversity of citizenship between Plaintiff and BLP, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. In compliance with 28 U.S.C. § 1446(a), this Notice of Removal was filed in the District Court of the United States for the district and division within which the State Court Action is pending. The United States District Court for the Southern District of Florida, Miami Division, is the District Court and division embracing the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the State Court Action is pending. 28 U.S.C. § 1441(a).

12. In compliance with 28 U.S.C. § 1446(a), BLP attaches a copy of all process, pleadings, and orders served upon BLP and filed in the State Court Action. *See* **Exhibit A**.

13. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on counsel for Plaintiff.

14. This Court has original jurisdiction over this civil action because it is a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

**A.  Amount in Controversy**

15. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. In determining whether the $75,000 amount in controversy is satisfied, district courts consider the totality of the relief sought, which includes monetary damages, attorney's fees, and the cost a defendant incurs in complying with injunctive relief. *E.g.*, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

18. Plaintiff's Complaint seeks statutory damages for Plaintiff and members of a putative class pursuant to Fla. Stat., § 559.77(2). *See* Compl. ¶ 37.

19. Fla. Stat. § 559.77(2). provides: "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. . . . In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an

individual class member with additional statutory damages in excess of $1,000." *See* Fla. Stat. § 559.77.

20. As Plaintiff alleges the proposed class "is in the several thousands, if not more." (Compl. ¶ 25), and seeks statutory damages of up to $1,000 per class member, Plaintiff's Complaint, on its face, seeks damages of several millions of dollars (which would statutorily be limited to the lesser of $500,000 or 1 percent of the defendant's net worth). Thus, the Complaint seeks damages well in excess of the $75,000 amount-in-controversy requirement.

21. In addition, the FCCPA permits the Court to award the named Plaintiff an award of attorney's fees if Plaintiff were to prevail in the litigation. Fla. Stat. § 559.77(2) (establishing a defendant's liability to include "court costs and reasonably attorney's fees incurred by the plaintiff."). BLP may also be awarded its reasonable attorney's fees if it prevails in the litigation. *Id.*

22. The Eleventh Circuit has endorsed a "percentage of the fund" basis as a permissible method for calculating statutory attorney's fee award in class action proceedings. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 773 (11th Cir. 1991). "District courts are beginning to view the median of this 20% to 30% range, i.e., 25% as a 'benchmark' percentage fee award which may be adjusted in accordance with the individual circumstances of each case." *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1119 (M.D. Fla. 2021).

23. Accordingly, Plaintiff's claim for statutory prevailing party attorney's fees is non-speculative and, at the time of removal, is valued in a range between at least $100,000 to $150,000.

24. Finally, Plaintiff acknowledges in the Civil Cover Sheet filed with the Complaint that the amount of the claim is "over $100,000.00". *See* **Exhibit A**, Civil Cover Sheet Form 1.997, p.1.

25. Based on the foregoing, the amount-in-controversy at the time of removal well exceeds the $75,000 jurisdictional minimum.

**B. Diversity of Citizenship**

26. Diversity jurisdiction exists over a controversy between citizens of different states. *See* 28 U.S.C. § 1332(a).

27. "[T]he well-settled rule [is] that the citizenship of the named parties is controlling[.]" *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1289 (11th Cir. 1998).

28. Here, Plaintiff explicitly alleges he is "*a citizen* of the State of Florida, residing in Miami-Dade County, Florida." Compl. ¶ 5.

29. BLP is a Delaware limited partnership, with its principal place of business in New York. *See* Declaration of Gal Davidovitch attached hereto as **Exhibit B**.

30. The citizenship of a limited partnership is determined by the citizenship of its partners. *Carden v. Arkoma Assocs.*, 494 US 185, 195 (1990). The citizenship of all partners is attributed to the partnership for diversity purposes. *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015-16 (2016).

31. BLP's partners are:

    a. Bloomberg Inc., a Delaware corporation with its principal place of business in New York. Thus, Bloomberg, Inc. is a corporate citizen of Delaware and New York.

    b. BLP Acquisition L.P., a Delaware limited partnership with its principal place of business in New York. BLP Acquisition L.P.'s members are: (1) Bloomberg, Inc. (see above); and (2) BLP Acquisition Holding LLC, a Delaware limited liability company whose principal place of business is New York. BLP Acquisition Holding LLC has seven members, who collectively are citizens of New York, New Jersey and New Mexico.

*See* generally, **Exhibit B**.

32. Accordingly, BLP is a citizen of Delaware, New York, New Jersey, and New Mexico by virtue of the citizenship of its partners. *See* **Exhibit B**, ¶ 6.

33. Therefore, complete diversity of the parties exist as none of BLP's partners are citizens of Florida and the only named Plaintiff is a self-proclaimed citizen of Florida.

## III. CONCLUSION

34. For purposes of 28 U.S.C. § 1332, complete diversity of citizenship existed between Plaintiff (who is a citizen of Florida) and BLP (who is a citizen of Delaware, New York, New Jersey, and New Mexico) at the time Plaintiff commenced the State Court Action and continues to exist as of the filing of this Notice of Removal.

35. By filing this Notice of Removal, BLP does not waive any rights or defenses to which it is otherwise entitled, and BLP expressly reserves the right to assert all such defenses at a later time and to file counterclaims against Plaintiff.

36. This Notice of Removal is accompanied by the required filing fee.

37. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties of record, and a copy of this Notice of Removal has been filed contemporaneously with the Clerk of the Court for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, Bloomberg L.P. (sued herein as "Bloomberg Limited Partnership d/b/a Bloomberg.com"), hereby gives notice that the above-described civil action pending in the Circuit Court of the Eleventh Judicial Circuit

in and for Miami-Dade County, Florida, is discontinued and removed to the United States District Court for the Southern District of Florida, where it shall proceed as an action originally commenced therein.

Dated: February 16, 2024

Respectfully Submitted,

By: /s/ *Brandon T. White*
    **BRANDON T. WHITE**

**HOLLAND & KNIGHT LLP**
*Counsel for Defendant Bloomberg L.P.*

Brandon T. White, Esq.
Florida Bar No.: 106792
brandon.white@hklaw.com
practiceassistantteam@hklaw.com
701 Brickell Ave., Suite 3300
Miami, FL 33131
Tel: (305) 374-8500/Fax: (305) 789-7799

Hilary Lane, Esq.
Fla. Bar No. 1032263
hilary.lane@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Tel: (813) 227-8500

Matthew J. Borello, Esq.
Fla. Bar No. 1017934
matt.borello@hklaw.com
50 N Laura Street, Suite 3900
Jacksonville, FL 32202
Tel: (904) 798-5460/Fax: (904) 358-1872

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve it via transmission of Notices of Electronic Filing generated by the ePortal System on all counsel of record.

<i>s/ Brandon T. White</i><br>
Brandon T. White

## SERVICE LIST

Jibrael S. Hindi, Esq.
E-mail: jibrael@jibraellaw.com
Jennifer G. Simil, Esq.
E-mail: jen@jibraellaw.com
Zane C. Hedaya, Esq.
E-mail: zane@jibraellaw.com
**THE LAW OFFICES OF JIBRAEL S. HINDI**
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
Tel: (954) 907-1136

*Counsel for Plaintiff*